# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOSE LUIS BRAVO ZAMBRANO,
    Prisoner,

v.                                              Case No. 8:25-cv-2349–KKM–SPF
                                                        Case No. 8:24-cr-67-KKM-SPF

UNITED STATES OF AMERICA,
    Respondent.
_____

# ORDER

Jose Luis Bravo Zambrano moves under 28 U.S.C. § 2255 to vacate his convictions and 87-month sentence for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States. (Civ. Doc. 1; Crim. Doc. 198.) Zambrano claims counsel rendered constitutionally ineffective assistance during his guilty plea proceedings and at sentencing.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" On March 31, 2025, Zambrano filed a notice of appeal from the criminal judgment entered against him on March 19, 2025. (Crim. Docs. 198 and 200.) Zambrano's appeal remains pending in the circuit

court. *See United States v. Zambrano*, No. 25-11038-F, Eleventh Circuit Court of Appeals.

Because Zambrano's appeal remains pending, the district court lacks jurisdiction to adjudicate the § 2255 motion. *See United States v. Dunham*, 240 F.3d 1328, 1329–30 (11th Cir. 2001) ("We conclude that the district court lacked jurisdiction to consider and rule on Dunham's § 2255 motion during the pendency of her direct appeal of her sentence, and therefore her appeal of the district court's denial of that motion is dismissed without prejudice and the district court's order denying Dunham's § 2255 motion is vacated without prejudice to Dunham's right to file a § 2255 motion after the disposition of her direct appeal."). "The appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice." *Blair v. United States*, 527 F. App'x 838, 839 (11th Cir. 2013) (citing *Dunham*, 240 F.3d at 1330). No extraordinary circumstance warrants the district court's immediate consideration of Zambrano's § 2255 motion. *See United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009) ("[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief.") (citations omitted).

Zambrano's motion under 28 U.S.C. § 2255 is **DISMISSED without prejudice** for lack of jurisdiction. Zambrano may file a motion to vacate, in a new case with a new case number, after final disposition of his direct

2

appeal. The clerk must **CLOSE** this case and enter a copy of this order in the criminal case.

**ORDERED** in Tampa, Florida, on September 8, 2025.

Kathryn Kimball Mizelle
United States District Judge